# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CIVIL NO. 3:07-cv-1060 |
| | ) JUDGE HAYNES |
| $15,071.00 United States Currency, | ) ) |
| Defendant. | ) |

## DEFAULT JUDGMENT AND FINAL ORDER OF FORFEITURE

Plaintiff, United States of America, pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, has moved for a Default Judgment and Final Order of Forfeiture forfeiting the defendant property to the United States of America.

On October 25, 2007, the United States of America filed a Verified Complaint *In Rem* seeking forfeiture of the above-captioned defendant property, alleging that the defendant property constitutes proceeds of, or proceeds traceable to, a violation of 21 U.S.C. § 841 and 18 U.S.C. § 1956 and is, therefore subject to forfeiture pursuant to 21 U.S.C. § 881 and 18 U.S.C. § 981. (D.E. 1).

Pursuant to Summons and Warrant for Arrest *In Rem* issued by the Clerk of this Court on November 28, 2007 (D.E. 4), the United States Marshal for the Middle District of Tennessee seized defendant property on December 4, 2007 (D.E. 6).

On February 22, 2008, Bradford James Brydie, was served, via certified mail, return receipt, with a copy of the Verified Complaint *In Rem* and Notice of Judicial Forfeiture Proceedings.

Pursuant to the Notice of Judicial Forfeiture Proceedings, all persons claiming an interest in defendant property were required to file their verified claims with the Clerk of this Court within thirty-five (35) days from service of the Verified Complaint *In Rem*, and Notice of Judicial Forfeiture.

Public notice to all persons of said forfeiture action was advertised in *The Daily News Journal* on December 7, 2007, December 14, 2007 and December 21, 2007 (D.E. 7).

Pursuant to said notice, all persons claiming an interest in defendant property were required to file their verified claims with the Clerk of this Court within thirty (30) days from the last date of publication of the Notice.

No person or entity has filed a Verified Claim within the time permitted by Title 18, United States Code, Section 983(a)(4)(A), and Rule G(5) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Federal Rules of Civil Procedure.

The Clerk of this Court has entered a default as to all persons and entities claiming an interest in defendant property, pursuant to Rule 55(a) Federal Rules of Civil Procedure. (D.E. 9)

The United States has now moved for entry of a Default Judgment and this Court is of the opinion that the Motion of the United States for Default Judgment should be granted and Default Judgment be entered as to all persons or entities who may claim to have an interest in the defendant property. Further, the Court finds that the Verified Complaint for Forfeiture establishes probable cause to believe that the defendant property constitutes proceeds of, or proceeds traceable to, a violation of 21 U.S.C. § 841 and 18 U.S.C. § 1956 and is, therefore subject to seizure and forfeiture pursuant to 21 U.S.C. § 881 and 18 U.S.C. § 981, and, therefore, a Final Order of Forfeiture should be entered.

2

Case 3:07-cv-01060   Document 10-2   Filed 11/04/2008   Page 2 of 3
Case 3:07-cv-01060   Document 11   Filed 12/17/08   Page 2 of 3 PageID #: 45

The Motion of the United States for Default Judgment and Final Order of Forfeiture is hereby GRANTED. Therefore, it is hereby

ORDERED, ADJUDGED AND DECREED that:

1. A Judgment by Default is hereby entered as to Bradford James Brydie and all persons or entities with respect to any interest they may have in the defendant property.

2. The defendant property more particularly described as $15,071.00 United States Currency, is hereby forfeited to the United States of America, and all right, title and interest in and to said property is hereby vested in the United States of America, pursuant to 21 U.S.C. § 881 and 18 U.S.C. § 981.

3. The United States Marshals Service, as custodian of said forfeited property, shall dispose of the same according to law.

4. The Clerk of this Court shall provide the United States Attorney's Office and the United States Marshals Service with a certified copy of this order.

Dated on this, the 17th day of December, 2008.

William J. Haynes, Jr.
UNITED STATES DISTRICT JUDGE

3